# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAROLD PALMORE,** | ) 2:18cv0994 |
| Plaintiff, | ) Electronic Filing |
| v. | ) Judge David Stewart Cercone |
| **JEFF HORNBERGER, Warden;** **DAVID SPRANKLE, Deputy Warden;** **and MICKI FINK, Officer in Charger,** **et al.,** | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Darold Palmore, an individual formally confined in the Clarion County Corrections, filed this prisoner civil rights case on July 16, 2018.[1] Plaintiff's motion to proceed in forma pauperis was granted (ECF No. 4) and the case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

Defendants filed a motion to dismiss seeking to have the Complaint dismissed on the grounds that the Complaint failed to state a claim. (ECF No. 32). Plaintiff filed a Response in opposition. (ECF No. 43).

On July 8, 2019, Magistrate Judge Eddy filed a Report and Recommendation ("R&R") recommending that the motion be granted and that the case be dismissed with prejudice in its entirety for failure to state a claim. Plaintiff timely filed timely objections to the R&R. (ECF No. 45).

Where, as here, timely objections have been filed, the Court is required to "make a de novo determination of those portions of the report or specified findings or recommendations to

---

1 At the time Plaintiff commenced this lawsuit he was an inmate in the custody of the Clarion County Corrections. On February 5, 2019, Plaintiff provided a change of address indicating that he had been released from custody. (ECF No. 40).

which objection is made." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.

As the R&R explains, in his Complaint, Plaintiff raises three claims: (1) a violation of his First Amendment right to petition the government; (2) a violation of his First Amendment Right against retaliation for engaging in protected activity; and (3) a violation of his Fourteenth Amendment Due Process rights. The R&R recommends that the Complaint be dismissed in its entirety. Plaintiff only objects to the dismissal of his retaliation and due process claims.

Turning to his first objection, Plaintiff argues that the magistrate judge erroneously focused on the issuance of the misconduct, when in fact, the "[t]he order to lockdown is itself retaliatory due to its position after Plaintiff asked for a grievance and before the supposed failure to obey the order." Obj. at 2. The Court finds that Plaintiff's first objection is without merit and can be summarily denied.

According to the Complaint, on May 1, 2018, an incident arose between OIC Fink and Inmate Emerick, which caused unrest among several of the inmates on D-Block. The Grievance Reply issued by Deputy Warden David Sprankle, attached to Plaintiff's Complaint, provides the following relevant information:

> I have received your grievance, which you have dated as May 11, 2018. I am aware of the incident in which you refer to in your grievance. I understand that you feel that this action was taken in retaliation towards you. I spoke with CO Carr and she clearly advised me that she instructed the block to lock down, prior to Fink giving you the order to lockdown. Giving the current issues with that block over the last several weeks, I completely understand why the block was ordered to lock down. Inmates have been extremely disruptive in that particular block. We are required to maintain order throughout this facility at all times. If inmates become argumentative and/or disruptive in anyway, the Block can be, and/or will be locked down. For OIC Fink to issue you a misconduct for your

2

actions is also his right, and duty. He believed you were making false statements against him, he felt that you were failing to obey orders and he took action towards this conduct. You have the right to defend yourself at the misconduct hearing, to which you did. As I recall, you were found not guilty of all those charges, with the exception of "failing to obey written/verbal orders." The board felt that you failed to obey the order to lockdown. <u>Regardless of whether you felt it was retaliation or not, you must follow orders given in this facility, no exceptions.</u>

Complaint, Exh. 3 (emphasis added) (ECF No. 29-3). As our appellate court has observed, "refusing orders . . . is typically punishable by time in the RHU. Such a policy is necessary to advance the legitimate penologic interest in an orderly facility. *Mincy v. Klem*, 277 F. App'x 239, 243 (3d Cir. 2008). Simply put, an inmate is not entitled to refuse an order to lock down even if an inmate disagrees with an officer's motivation for issuing that order.

Moreover, plaintiff's contention that the sequence of his request for a grievance form and CO Fink's order to lock down is in itself sufficient to support a showing of causation for his retaliation claim is misplaced. The setting in which plaintiff's claim arises involved a disturbance by other inmates and an order by CO Carr that had been issued for the entire block to lock down, all of which occurred right before CO Fink also ordered plaintiff to lock down. Thus, plaintiff was under a duty to lock down independent of CO Fink's order to lock down and he purposefully failed to comply with the order. It is this course of admitted conduct that 1) cannot be displaced by a bald assertion that CO Fink had some other subjective motivation that placed plaintiff's non-compliance outside the bounds of the exercise of legitimate institutional discipline and 2) precludes plaintiff from making a plausible showing that there was a causal connection between the adverse action and his request for a grievance form.

Plaintiff's second objection meets the same fate as his first. Interestingly, through his objection, Plaintiff seems to be attempting to reframe his claim as one challenging the Clarion County Corrections' policy to charge inmates if found guilty through the misconduct process.

3

Obj. at 3. In his response to the motion to dismiss, however, Plaintiff specifically argued that "Defendants Hornberger and Sprankle refused to review video footage of an incident that could have exonerated or exculpated the Plaintiff. . . . Here Plaintiff was issued information statements, however he was hindered in reviewing / bringing forward evidence to support his defense (block video footage)." Resp. at 12 (ECF No. 43). As Plaintiff acknowledges, he has a pending lawsuit in this Court filed at Civil Action No. 2:18-cv-1446, which challenges the Clarion County Corrections' policy to charge inmates if found guilty through the misconduct process. The issue of whether Plaintiff's procedural due process rights were violated by this policy is the central issue in Civil Action No. 2:18-cv-1446.

The Court has reviewed the matter and concludes that the R&R correctly analyzes the issues and makes a sound recommendation. Accordingly, after de novo review of the pleadings and documents in the case, together with the Report and Recommendation, the following order is entered:

**AND NOW**, this 5th day of September, 2019;

**IT IS ORDERED** that Defendants' motion to dismiss is **GRANTED** and this case is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Report and Recommendation filed on July 8, 2019 (ECF No. 44) is **ADOPTED** as the opinion of the Court as supplemented herein.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case closed.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by

4

Rule 3 of the Federal Rules of Appellate Procedure.

                                                 */s/ DS Cercone*
                                        David Stewart Cercone
                                        Senior United States District Judge

cc:    Darold Palmore
       218 Wood Street
       Johnstown, PA 15902
       (*Via First Class Mail*)

       Marie Milie Jones, Esquire
       Michael R. Lettrich, Esquire
       (*Via CM/ECF Electronic Mail*)